

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00187-CR

ERIC RAMON ACEVEDO                                            APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In March 2008, Appellant Eric Ramon Acevedo stabbed and killed Mollieann Worden, his ex-girlfriend. A jury convicted Acevedo of capital murder, and the trial court sentenced him to an automatic life sentence.[2] In a single point, Acevedo argues that the trial court erred by prohibiting him from presenting

---

[1]*See* Tex. R. App. P. 47.4.

[2]The State waived the death penalty.

evidence that he acted under a diminished mental capacity when he killed Worden. We will affirm.

The court of criminal appeals has consistently reasoned that Texas does not recognize diminished capacity as an affirmative defense. *See Mays v. State*, 318 S.W.3d 368, 380–81 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 1606 (2011); *Ruffin v. State*, 270 S.W.3d 586, 593 (Tex. Crim. App. 2008); *Jackson v. State*, 160 S.W.3d 568, 573–74 (Tex. Crim. App. 2005). "The Texas Legislature has not enacted any affirmative defenses, other than insanity, based on mental disease, defect, or abnormality. Thus, they do not exist in Texas." *Ruffin*, 270 S.W.3d at 593 (internal footnote omitted). Instead, the diminished-capacity doctrine is simply a failure-of-proof defense. *Jackson*, 160 S.W.3d at 573. As with the other elements of the offense, relevant evidence, including evidence of the defendant's mental condition, may be presented to rebut or negate the defendant's culpable *mens rea*. *Id.* at 574. But evidence may not be admitted, nor may defense counsel argue, that the defendant, because of his mental condition, did not have the capacity to form the *mens rea* necessary for commission of the offense. *Id.* As explained in *Jackson*,

> The State presented evidence that Appellant intentionally and knowingly caused the death of his brother. Appellant attempted to negate this evidence by introducing evidence of his history of mental illness through the testimony of his mother and sister, as well as the defense expert witness, Dr. Grigson. . . . The jury was able to hear all of this evidence, determine the weight of the evidence, and choose whether or not Appellant possessed the requisite *mens rea* to commit this offense. The jury believed that he did. The only thing Appellant was prevented from doing is arguing that the jury should

2

find that he did not have the capacity to make the decision to intentionally and knowingly cause bodily injury and thus should find him not guilty. However, presenting evidence of mental illness does not then allow the defense to argue that the defendant is absolutely incapable i.e., does not have the capacity to intentionally or knowingly perform an act. There is simply no defense recognized by Texas law stating that, due to the defendant's mental illness, he did not have the requisite *mens rea* at the time of the offense because he does not have the capacity, or is absolutely incapable of ever forming that frame of mind.

*Id.* at 574–75.

In this case, Dr. James Robert Womack testified for the defense that Acevedo suffered from chronic posttraumatic stress disorder. The trial court permitted defense counsel to question Dr. Womack whether, in his opinion, Acevedo intentionally or knowingly killed Worden, but the trial court prohibited defense counsel from questioning Dr. Womack whether Acevedo, because of his mental condition, had the capacity to intentionally or knowingly kill Worden. Thus, the trial court permitted Acevedo to introduce evidence of his mental condition to negate the *mens rea* element, but it prohibited Acevedo from presenting evidence of his mental condition to demonstrate that he lacked the capacity to form the requisite *mens rea*. As Acevedo himself acknowledges, the trial court's evidentiary ruling is consistent with *Jackson*'s directive and the binding caselaw addressing diminished capacity. *See Jackson*, 160 S.W.3d at 573–75; *see also Mays*, 318 S.W.3d at 380–81; *Ruffin*, 270 S.W.3d at 593. Accordingly, we hold that the trial court did not abuse its discretion by prohibiting Acevedo from presenting evidence that he acted under a diminished mental

3

capacity when he killed Worden. *See Jackson*, 160 S.W.3d at 573–75; *Montgomery v. State*, 810 S.W.2d 372, 378–79 (Tex. Crim. App. 1990) (op. on reh'g) (stating that appellate court reviews trial court's decision to admit or exclude evidence for an abuse of discretion). We overrule Acevedo's sole point and affirm the trial court's judgment.


                                                       BILL MEIER
                                                       JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 17, 2011